UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| ERIC H. HOLDER, JR., )<br>ATTORNEY GENERAL OF THE )<br>UNITED STATE OF AMERICA, )<br>            PLAINTIFF )<br>)<br>v.                                                    )<br>)<br>DAVID HAMILTON, )<br>            DEFENDANT ) | CIVIL ACTION NO.  3:10CV-759-C |

**MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT**

Defendant David Hamilton, by counsel, moves the Court for an order dismissing the complaint for failure to state a claim up on which relief can be granted pursuant to Fed. R. Civ. Proc. 12(b)(6) or, in the alternative, for an order directing Plaintiff to serve upon him a more definite statement of the claims in the complaint, pursuant to Fed. R. Civ. Proc. 12(e).  As grounds for this motion, David Hamilton, by Counsel, states:

1. That 18 USC 248 requires that "violations" consist of actions against persons who are "**obtaining or providing** reproductive health services" and Plaintiff has not identified such a victim. The only alleged victim is as a single phantom counter-protester, referred to only as a "volunteer clinic escort," with no explanation or definition of that term.  The complaint fails to allege any legal nexus between the alleged victim and anyone obtaining or providing abortion. This failure constitutes a failure to state a claim upon which relief may be granted under 18 U.S.C. §248.

2. That the Complaint fails to state a claim upon which relief may be granted because it wholly fails to allege that (a) David Hamilton committed the alleged harmful acts "because" the alleged victim was obtaining or providing reproductive health services; and that (b) David

1

Hamilton intended to "injure, intimidate, and interfere with persons attempting to obtain or provide reproductive health services," essential elements of a claim under 18 U.S.C. §248. Perhaps Plaintiff did not allege that intent because it could not honestly do so, but the failure to allege the specific intent constitutes a failure to state a claim upon which relief can be granted.

      3. That the complaint fails to state a claim up on which relief can be granted because it fails to provide any factual allegations undergirding its legally conclusory allegations that Hamilton used force with the intent to injure, intimidate, or interfere with the alleged victim. What, in fact, does Plaintiff allege that David Hamilton did? No facts are given.

      4. That the complaint fails to state a cause of action for injunctive relief in that the complaint fails to set out any fact that would indicate that David Hamilton has any continuing contact with the alleged victim whatsoever. In fact, the complaint completely switches focus from a counter-protester "victim" to the abortion clinic itself. This trick of the pleading is not justified in law and is not supported by any asserted fact whatsoever. It is a fact that David Hamilton, who has long ago moved out of the area to be married and live in Texas, and who has not returned to the Louisville clinic since leaving, could possibly be said to be continuing to do any act relating to the clinic. Plaintiff knows that Hamilton now lives in Texas, having served the complaint upon him there, and that he has not been back to the clinic. Accordingly, Plaintiff ought to be compelled to state **facts** that support a finds that Hamilton intends to, or even could, accomplish any prospective actions in Louisville at all. Even a blanket injunction requires a factual and jurisdictional basis.

      5. That in reviewing the Complaint, Hamilton cannot identify the specific act of his that would be the factual basis of the claimed "violation" and cannot even know on behalf of which of the dozens or hundreds of constantly changing counter-protesters these allegations are

brought.  No person is identified who could possibly be the subject of the allegations in the complaint, nor does there exist any person, known to Hamilton, who would be a requisite victim under F.A.C.E.   Mr. Hamilton is unable therefore to formulate a meaningful response.

Wherefore David Hamilton moves the Court to dismiss the complaint for lack of subject matter jurisdiction or for failure to state a claim upon which relief may be granted or, in the alternative, to order Plaintiff to state its claims more definitely.  Hamilton moves the Court to enter the Order set out below.

                                                    Respectfully Submitted,

                                           /s Vincent F. Heuser, Jr.
                                          Vincent F Heuser, Jr., Attorney
                                          Hirsh & Heuser Attorneys
                                          3600 Goldsmith Lane
                                          Louisville, KY  40220
                                          (502) 458-5879

                                          Michael R. Hirsh, Attorney
                                          Hirsh & Heuser Attorneys
                                          125 TownPark Drive Ste 300
                                          Kennesaw, GA  30144
                                          770-420-8224

## CERTIFICATE OF SERVICE

I hereby certify that this 11th day of April, 2011, the foregoing Motion, Memorandum and Tendered Order were served upon the Plaintiffs by delivering a true copy thereof to the United States Postal Service, first class postage pre-paid, or electronically, addressed to:

[ √ ]    Thomas E. Perez, U.S. Department of Justice, 950 Pennsylvnia Ave N.W., Washington DC 20530

                                           /s Vincent F. Heuser, Jr.
                                          Vincent F. Heuser, Jr.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| ERIC H. HOLDER, JR., ATTORNEY GENERAL OF THE UNITED STATE OF AMERICA, PLAINTIFF | ) ) ) ) ) | CIVIL ACTION NO. 3:10CV-759-C |
| v. | ) ) | |
| DAVID HAMILTON, DEFENDANT | ) ) ) | |

**ORDER DISMISSING**

This matter is before the Court upon motion of the Defendant David Hamilton for an Order dismissing the complaint or for an order compelling Plaintiff to provide a more definite statement if his claims. The Court being sufficiently advised, the Court finds that the Complaint fails state a claim upon which the requested relief can be granted. The Freedom of Access to Clinic Entrances Act (18 USC §248) requires that the "violations" be directed against a provider of abortion services and Plaintiff has not identified a qualifying victim. The complaint also fails to allege the requisite intent toward a person protected by the Freedom of Access to Clinic Entrances Act. Wherefore the above captioned matter is hereby dismissed.

This is a final and appealable order.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| ERIC H. HOLDER, JR., )<br>ATTORNEY GENERAL OF THE )<br>UNITED STATE OF AMERICA, )<br>PLAINTIFF )<br>)<br>v. )<br>)<br>DAVID HAMILTON, )<br>DEFENDANT ) | CIVIL ACTION NO. 3:10CV-759-C |

**MEMORANDUM IN SUPPORT OF
DAVID HAMILTON'S MOTION TO DISMISS OR FOR
A MORE DEFINITE STATEMENT**

Defendant David Hamilton has moved the Court to dismiss the above captioned case or for an Order compelling the Plaintiff to provide a more definite statement of the claims in the complaint. Hamilton asserts as grounds for this motion, that 18 USC 248 requires that the "violations" be directed against a provider of abortion services. Plaintiff has not identified any such victim. For the reasons set out below, David Hamilton's motion should be sustained and the complaint dismissed with prejudice. Alternatively, Plaintiff should be ordered to provide a more definite statement of its claims.

**ARGUMENT**

**Jurisdiction and Failure to State Claim**

Rule 8(a) sets forth the basic federal pleading requirement that a pleading "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." This would include details sufficient to support the claim of subject matter jurisdiction under F.A.C.E. and facts sufficient to state a claim. Where a specific fact necessary to support an essential

1

element of a claim or jurisdiction, is not stated, the pleading is inadequate. "A Rule 12(b)(6) motion tests whether a cognizable claim has been pleaded in the complaint.  The familiar standard for reviewing dismissals under Rule 12(b)(6) is that "the factual allegations in the complaint must be regarded as true. The claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir. 1983).

Although this standard for Rule 12(b)(6) dismissals is quite liberal, more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements. 5 C. Wright & A. Miller, Federal Practice & Procedure Sec. 1357 at 596 (1969). "In practice, 'a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.' " Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir.1984) (quoting In re Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir.1981), cert. dismissed, 462 U.S. 1125, 103 S.Ct. 3100, 77 L.Ed.2d 1358 (1983)), cert. denied, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985). 5 C. Wright & A. Miller, Federal Practice & Procedure Sec. 1216 at 121-23 (1969).  As the First Circuit stated,

> "[w]e are not holding the pleader to an impossibly high standard; we recognize the policies behind rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." O'Brien v. DiGrazia, 544 F.2d 543, 546 n. 3 (1st Cir.1976) cert. denied, 431 U.S. 914, 97 S.Ct. 2173, 53 L.Ed.2d 223 (1977))."

2

**Claims in the Complaint**

The Victim

The Freedom of Access to Clinic Entrances Act requires that the "victim" must be someone "obtaining or providing reproductive health services." 18 U.S.C. 248(a)(1). At the location and date identified in the complaint, the only possible referent of "volunteer escorts" are persons who have referred to themselves as "counter-protesters" and who specifically deny that they work for or are agents for the abortion clinic. A counter-protester does not become a "provider of abortion services" by showing up to protest and impede pro-life speech. Since no patient or clinic employee was affected by any conduct of Defendant on the day in question, it is impossible for Plaintiff to prove the threshold jurisdictional requirement of F.A.C.E. and to state a claim upon which for relief may be granted under FACE, that any act of David Hamilton related to those providing or receiving abortion services.

Purpose and Intent

The Complaint also fails to state a claim upon which relief may be granted because it fails to allege that (a) Defendant committed the alleged harmful acts "because" the alleged victim was obtaining or providing reproductive health services and that (b) Defendant intended to "injure, intimidate, and interfere with persons attempting to obtain or provide reproductive health services," essential elements of a claim under 18 U.S.C. 248(a)(1). Rather, the Complaint merely alleges that on January 30, 2010, "Defendant used force" against an unidentified "volunteer clinic escort." The reason for this use of force is not alleged. If, for example, such volunteer escort was himself engaged in conduct harmful to Hamilton or another person, Hamilton's use of force in self-defense or defense of another would not be prohibited under FACE. Even if the clinic escort was simply behaving in an vexatious or obnoxious manner that provoked Hamilton

to some use of force to stop it, that would not constitute a violation of FACE.  The Counter-protesters had joined arms together on numerous occasions surrounding this alleged incident, conspiring, as it were, to violate state laws against "blocking a public passageway"[1] (K.R.S.§525.140).  The counter-protesters had been warned more than three times by the leadership of the Louisville Metro Police First District to cease that conduct.  At that time, counter-protesters asserted that they had no legal connection to the clinic and no real control over who participated with them.  A violation of FACE requires that the use of force be against a person "because" that person is "obtaining or providing reproductive health services," not because he or she is blocking a public sidewalk.  The complaint thus fails to state an essential element of a FACE claim.

## The Act

Finally, the complaint fails to state a claim up on which relief can be granted because it fails to provide any factual allegations to sustain its legally conclusory allegations that Plaintiffs used force with the intent to injure, intimidate, or interfere the alleged victim.  Paragraph 12 of the complaint states, "Defendant's conduct as described in paragraphs 9 through 10 hereof constitute force which injured, intimidated and interfered with persons seeking to obtain and provide reproductive health services."  However, paragraphs 9 and 10 do not in any sense "describe" Defendant's conduct. Rather, these paragraphs contain only the same legally conclusory allegations that paragraph 12 itself does.  The Complaint thus fails to plead **facts** sufficient to state a claim.

---

[1] Oddly enough, this is the same statute that Operation Rescue was prosecuted under so many years ago.  See, e.g., Commonwealth v. Gary Arnold, 89-M-005082-A, Jefferson District Court (Ky 1989) and over 100 other cases.

4

**Injunctive Relief**

Plaintiff's complaint also seeks injunctive relief on the basis that Defendant "is a regular abortion protester at the EMW Women's Surgical Center". In fact, at the time of the filing of the complaint, Defendant had not been at the clinic for over 6 months and no longer lived in the jurisdiction, having moved to the state of Texas permanently. (See Affidavit of David Hamilton, filed herewith.) Defendant had also had no relevant contact with anyone else who protested at the clinic. *Id*. The allegation in Complaint Paragraph 13, that Defendant "will continue to engage in the illegal conduct", was patently false at the time the complaint was originally filed and continues to be false to this time. The fact that David Hamilton no longer lives in this community is or should be known to Plaintiff. For that reason, the allegation of Plaintiff regarding future conduct is false and unsupported and unsupportable by any facts. Even assuming, *arguendo*, that there had been a use of "force, threat or intimidation," it would have been a one time event a year ago and is not alleged to have been repeated even once. Without at least some fact supporting a finding of the requisite intent and capability, the complaint fails to state a claim upon which an injunction could be granted.

Clean Hands Doctrine

The Complaint alleged that the actions of David Hamilton were against "a volunteer escort." This would be, presumably, one of the counter-protesters who were, on the day alleged, conspiring to obstruct a public passageway in violation of state law. Unless Plaintiff and the abortion clinic are both willing to stipulate that the counter-protesters are in fact agents of the clinic, Plaintiff's position must fail. First, the counter-protesters do not have clean hands themselves. Second, the escorts are not entitled to an injunction under F.A.C.E. unless they are agents of the clinic, in which case, the clinic does not come to court with clean hands.

## CONCLUSION

The Complaint is a generic form, a "shotgun" pleading, not containing any actual, specific allegation of relevant fact other than a date and a Defendant's name.  It was filed, apparently, in the hope of engaging in a fishing expedition, or perhaps a witch hunt.  The case should not be allowed to go forward without a factual basis and Plaintiff should not be allowed to use the courts to further what is really a political agenda.  The Complaint should be dismissed for failure to state a claim upon which relief can be granted.

At the very least, Plaintiff should be ordered to provide a more definite statement of:

- Exactly what act David Hamilton is alleged to have done;
- The identity of the alleged victim and his or her relation to abortion services;
- The facts relied upon to indicate the purpose or intent of Hamilton in engaging in the alleged act; and
- Exactly how David Hamilton, with no continuing connection to Louisville can be expected to engage in continuing conduct in this district.

Respectfully Submitted,

 /s Vincent F. Heuser, Jr.
Vincent F Heuser, Jr., Esq.
Hirsh & Heuser Attorneys
3600 Goldsmith Lane
Louisville, KY  40220
(502) 458-5879

Michael R. Hirsh, Esq.
Hirsh & Heuser Attorneys
125 TownPark Drive Ste 300
Kennesaw, GA  30144
770-420-8224

6