UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| ERIC H. HOLDER, JR., : | |
| ATTORNEY GENERAL OF THE : | |
| UNITED STATES OF AMERICA, : | CIVIL ACTION |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| DAVID HAMILTON, : | No. 3:10CV-759-C |
| : | |
| Defendant. : | |

## UNITED STATES' OPPOSITION
## TO DEFENDANT'S MOTION TO STRIKE AND MOTION TO DISMISS

Eric H. Holder, Jr., Attorney General of the United States, by the undersigned attorneys, hereby opposes Defendant David Hamilton's Motion to Strike and Motion to Dismiss the Complaint.

The United States brought this action pursuant to the Freedom of Access to Clinic Entrances Act (FACE), 18 U.S.C. § 248 (1994), because Defendant used force against a volunteer clinic escort while protesting at the EMW Women's Surgical Center ("the Center"), a reproductive health care facility. The Defendant, who was protesting the fact that the Center provides abortion services to women, grabbed and pushed the escort, in an attempt to intimidate and/or interfere with persons seeking to obtain or provide reproductive health services.

Defendant seeks to have the Court strike from the Complaint the requested relief that defendant not violate FACE, Def.'s Br. 2, and the dismissal of the action on the grounds that a volunteer clinic escort does not qualify as a person providing or obtaining reproductive health services for purposes of a FACE action; that the United States has not adequately pled that

Defendant possessed the requisite intent and motivation; that the Defendant should not be subjected to an injunction because he has voluntarily ceased his illegal activities; and that the clean hands doctrine somehow affects the United States' Complaint.

Defendant's Motion to Strike is improper under Federal Rule of Civil Procedure 12(f). The material that Defendant seeks to have stricken is not "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Furthermore, an injunction prohibiting further violations of FACE has been found appropriate by other courts, and would give Defendant fair notice of what conduct he must avoid.

Defendant's Motion to Dismiss is likewise without merit. The United States has stated a claim upon which relief can be granted. Contrary to Defendant's contentions, the FACE Act contemplates volunteer escorts within the meaning of those "obtaining or providing reproductive health services"; the Complaint adequately pleads the necessary intent and motive elements; Defendant's voluntary cessation of his illegal activities does not moot the claim for injunctive relief; and the "clean hands doctrine" is wholly inapplicable in this case.

Defendant's Motion to Strike and Motion to Dismiss should, therefore, be denied.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) governs motions to strike, and provides that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). See also Thompson v. Hartford Life & Accident Ins. Co., 270 F.R.D. 277, 279 (W.D. Ky. 2010). Here, Defendant claims that the United States is not entitled to part of the injunctive relief it seeks, however, which is not properly the subject of a motion to strike. "Where a motion argues that a party is not entitled to the relief he seeks, it is construed as a motion to dismiss under Federal Rule of Civil Procedure

2

12(b)(6), even if the motion is denominated a 'motion to strike.'" Starnes Family Office, LLC v. McCullar, 2011 WL 318231, at *5 (W.D. Tenn. Jan. 28, 2011) (internal citation omitted). Because Defendant's motion to strike here does not seem to assert that any part of the Complaint is "redundant, immaterial, impertinent, or scandalous," and instead argues that the United States is not entitled to part of the injunctive relief it seeks, the motion should be evaluated under the standard used for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Therefore, the United States will address Defendant's Motion to Strike along with his other arguments in support of his Motion to Dismiss.

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir. 2001). As Defendant concedes, this standard is "quite liberal." Def.'s Br. 6.

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In two recent cases, Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007), and Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937 (2009), the Supreme Court clarified the standards that apply in evaluating a motion to dismiss for failure to state a claim. In Twombly, the Court held that in order to survive a motion to dismiss, a complaint must set forth "only enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570. In the same vein, the Court further elucidated that the factual allegations in a complaint "must be enough to

3

raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (citations omitted). The Court also instructed that the rule "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. Id. at 556. It is sufficient if the complaint succeeds in "identifying facts that are suggestive enough to render [the element] plausible." Id.

In its subsequent decision in Iqbal, the Court explained the plausibility standard:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

129 S.Ct. at 1949 (citations omitted). Assessing whether a claim is "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

## ARGUMENT

Defendant's arguments are all without merit and should be rejected by this Court.

### 1. The Complaint Adequately States a Claim that the "Victim" was a Person Providing or Obtaining Reproductive Health Services

The Complaint alleges that the person upon whom Defendant used force was a volunteer clinic escort who was escorting a patient into the EMW Women's Surgical Center, a reproductive health care facility. Compl. ¶ 9. Defendant argues, without citing to any authority, that such an escort is not covered under FACE as a person "obtaining or providing reproductive

4

health services." But Defendant's contention is directly contradicted by the relevant case law. Courts have repeatedly granted relief under FACE for actions taken against escorts. See, e.g., New York v. Cain, 418 F. Supp. 2d 457 (S.D.N.Y. 2006) (granting a preliminary injunction where defendants pushed and threatened escorts); New York v. Kraeger, 160 F. Supp. 2d 360, 372, 375 (N.D.N.Y. 2001).

In fact, several courts have directly stated that, for purposes of asserting a claim under FACE, escorts are covered persons. See, e.g., United States v. Scott, 975 F. Supp. 428, 433 (D. Conn. 1997) ("FACE protects escorts who are assisting patients and staff in obtaining access to clinics."); United States v. Hill, 893 F. Supp. 1034, 1039 (N.D. Fla. 1994) ("As evidenced by the concerns of doctors and clinic directors voiced in the hearings before Congress, escorts are considered an integral part of the functioning of clinics. . . I find that the [FACE] Act, in light of its purpose and legislative history, includes a doctor's escort in the definition of 'provider,' at least where the escort is performing his or her duties at the time of the alleged violation of the Act."). None of these courts have distinguished between volunteer escorts and paid escorts in determining that escorts are persons providing or obtaining reproductive health services for purposes of FACE. In fact, the court in Greenhut v. Hand, 996 F. Supp. 372, 375 (D.N.J. 1998), when asked to reject the complaint because plaintiff was an "untrained volunteer," refused to do so, stating, "nothing in the statute indicates that it covers only trained providers of reproductive services such as doctors, nurses, or social workers." In Greenhut, the court recognized escorts and even maintenance workers as playing an integral part in the business of providing patients with reproductive services. Id. at 376.

Finally, escorts like the individual against whom force was used here are not merely "counter-protestors," as Defendant refers to them. In New York v. Cain, Defendants argued that

the escorts at issue were engaged in counter-demonstration, but the court rejected that argument, stating that defendants' frustration at the escorts' shielding the patients from defendants did not present a cognizable defense for use of force. 418 F. Supp. 2d at 474.

### 2. The Complaint Adequately States a Claim that Defendant Possessed the Necessary Intent and Motive

Section 248(a)(1) of FACE provides:

(a) Prohibited Activities – Whoever –

> (1) by force or threat of force or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person because that person is or has been, or in order to intimidate such person or any other person or class of persons from, obtaining or providing reproductive health services . . . shall be subject to . . . the civil remedies provided in subsection (c) . . . .

Courts have interpreted this provision of FACE to require four elements to properly make out a violation:

> "(1) Force, threat of force, or physical obstruction;
>
> (2) Done with the intent to;
>
> (3) Injure, intimidate or interfere with a person, or attempt to do so;
>
> (4) Because that person has sought or provided, or is seeking or providing, or will seek to provide, reproductive health services."

Lotierzo v. A Woman's World Med. Ctr., 278 F.3d 1180 (11th Cir. 2002), citing United States v. Lindgren, 883 F. Supp. 1321, 1325 (D.N.D. 1995).

Thus, under FACE, there is both an intent requirement (element two) and a separate motivation requirement (element four). See Sharpe v. Conole, 386 F.3d 482, 484 (2d Cir. 2004). Intent means "intending to perform the act and aware of the natural and probable consequences of it." United States v. Gregg, 32 F. Supp. 2d 151, 157 (D.N.J. 1998); see also United States v.

6

Weslin, 156 F.3d 292, 298 (2d Cir. 1998) ("[T]he defendants do not deny—nor could they plausibly deny—that they meant to block the entrances to the Planned Parenthood clinic.").

The United States has pled that Defendant grabbed and pushed the clinic escort while that escort was accompanying a patient into the Center. Am. Compl. ¶ 8. One does not grab and push another accidentally, and a reasonable person is aware that the natural and probable consequence of grabbing and pushing another will be to intimidate or interfere with that person, so the United States has sufficiently pled facts that allow the Court to draw the reasonable inference that Defendant possessed the required intent.

The fourth element of FACE—the motive element—requires the plaintiff to plead and prove that the defendant's actions were taken "for the express purpose of preventing such persons from obtaining or providing reproductive health services." United States v. Wilson, 2 F. Supp. 2d 1170, 1171 (E.D. Wis. 1998), aff'd, 154 F.3d 658 (7th Cir. 2000), cert. denied, 525 U.S. 1081 (1999). See also United States v. Operation Rescue Nat'l, 111 F. Supp. 2d 948 (S.D. Ohio 1999). The motive element is determined based on Defendant's perception, belief, and state of mind. If Defendant's express purpose was to prevent a person from providing or obtaining services, he has the requisite motive. Wilson, 2 F. Supp. 2d at 1171.

Here, Defendant's motive can be inferred from his history of protest activity and his actions as pled in the Complaint. The Center is a facility that provides reproductive healthcare services to women. Am. Compl. ¶ 6. Defendant has regularly protested outside the EMW Women's Surgical Center. Compl. ¶ 7. There is a reason why Defendant did not confine his protest activity to a grocery store, shopping center, library, or anywhere else, and that is because he was motivated by the desire to prevent abortions. Defendant grabbed and pushed the volunteer clinic escort, while the escort was accompanying a patient to the Center. Am. Compl.

7

¶ 8. These allegations are sufficient to state a plausible claim that Defendant was motivated to use force against the volunteer because the volunteer was involved in providing or obtaining reproductive health services. Therefore, Plaintiff has adequately pled that Defendant possessed the necessary motivation.

Cases with fact patterns similar to the instant case support this conclusion as well. In New York v. Cain, defendants pushed clinic escorts on two different occasions. 418 F. Supp. 2d at 474. The court held that the motivation requirement was satisfied because defendants' goal in protesting at the clinic was to discourage women from getting abortions. Id. at 475. United States v. Gregg addressed the motivation of defendants who made statements expressing their opposition to abortion and who engaged in a blockade during an anti-abortion protest. 32 F. Supp. 2d at 157. The court held that the United States' burden to prove motive was satisfied by defendant's actions alone. Id.

### 3. The Complaint Adequately Provides Factual Allegations Sufficient to State a Claim

Defendant argues that the Complaint fails to provide factual allegations. While the United States maintains that its original Complaint was factually sufficient, it has nevertheless filed an Amended Complaint, in order to provide greater factual detail. In the Amended Complaint, the United States alleges, "On January 30, 2010, Defendant grabbed and pushed a volunteer clinic escort while that volunteer was escorting a patient into the EMW Women's Surgical Center." Am. Compl. at ¶ 8.

This allegation is sufficient under the Iqbal standard, for it contains factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citation omitted).

### 4. The Injunctive Relief Sought in the Complaint is Appropriate

#### A. *Defendant's Voluntary Cessation of his Illegal Activities Does Not Obviate The Need for Relief*

Defendant objects to the injunctive relief sought in the Complaint by stating that he has moved to Houston, Texas, has "not visited the abortion clinic since that time," and has "no present intention of returning to that abortion clinic for any purpose." Def.'s Aff. ¶¶ 4-5. In essence, Defendant argues that the necessity for injunctive relief is moot, because Defendant has moved. It is well-settled, however, that in a claim for injunctive relief, the voluntary cessation of illegal actions will not moot the controversy. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000); Youngstown Publ. Co. v. McKelvey, 189 Fed. Appx. 402, 405 (6th Cir. 2006). This is so because, in the absence of a court's interference to settle the controversy, a defendant can easily return to his old ways. Friends of the Earth, 528 U.S. at 189. In asserting mootness, Defendant bears a heavy burden to persuade this Court that the behavior will not start up again. Id. Merely asserting that he has moved out of state and has "no present intention" of returning to the Center does not meet this heavy burden.

The United States reasonably believes that Defendant may continue to violate FACE, based on his past violation and history of abortion protesting. Defendant may have moved to Houston, and may indeed not have a present intention of returning to the Center in Louisville, but it is not inconceivable that Defendant could either visit or move back to Louisville, where, absent an injunction, he would be free to resume his illegal conduct. Furthermore, there is no reason to believe that Defendant's move to Houston has caused him to cease protesting at facilities providing reproductive health services. The relief sought includes an injunction preventing Defendant from violating FACE, which would apply anywhere, and so Defendant's move out of Louisville does not obviate the need for such injunctive relief.

### B. *The Request for an Order Prohibiting Defendant from Violating FACE is Appropriate*

Defendant argues that the Court should strike from the Complaint the portion of the prayer for relief seeking an order prohibiting the Defendant from violating the Freedom of Access to Clinic Entrances Act, arguing that "[a]n injunction against violating a statute is surplusage, confusing and inappropriate." Def.'s Br. 2. All of the cases cited by Defendant in support of this position, however, are cases in which an appellate court reviewed the injunctive relief ordered by a lower court and found it deficient for some reason. Here, by contrast, Defendant is asking this Court to issue an Order striking a section of the Complaint. If the Court issues an Order that Defendant believes to be inappropriate, he can move for such relief as he sees proper at that time, but asking the Court to strike a portion of the prayer for relief from the Complaint at this time is inappropriate.

Moreover, injunctive relief much like that Defendant claims to be "surplusage, confusing and inappropriate" has been analyzed and found acceptable by other courts. In <u>United States v. Dinwiddie</u>, 76 F.3d 913, 927 (8th Cir. 1996), for example, the Eighth Circuit examined a permanent injunction issued by the District Court, ordering the defendant, among other things, not to violate FACE. The Court took no issue with that part of the injunction, finding that the type of activity it proscribed was "quite narrow." <u>Id.</u> at 928. The Court specifically noted, "Ordering Mrs. Dinwiddie to stop violating FACE, a statute that prohibits a limited range of disruptive conduct, would have a *de minimis* effect on her ability to express herself." <u>Id.</u> As implied by the <u>Dinwiddie</u> Court, the fact that FACE is a clear, concise and narrow statute cures an injunction ordering a Defendant not to violate it of the problem courts have sometimes found with "obey the law" injunctions in cases like those cited by Defendant, involving broader statutes like the Sherman Act, which were determined not to give the defendant fair notice of the conduct

10

prohibited by the injunction.  See, e.g., Mishawaka v. American Elec. Power Co., 616 F.2d 976, 991 (7th Cir. 1980).

### 5. The "Clean Hands Doctrine" is Improperly Invoked

Defendant briefly alleges that the "counter-protestors" and "the clinic" do not "come to court with clean hands."  Def.'s Br. at 9.  It is difficult to ascertain exactly what Defendant intends with this argument, for he cites no authority to support his position, but in any event, it is wholly irrelevant what type of hands the "counter-protestors," whoever they may be, and the clinic have, for neither is the Plaintiff here.  The Plaintiff here is the United States, and Defendant does not assert—nor could he—that the United States has unclean hands.

### CONCLUSION

For the foregoing reasons, this Court should deny Defendant's Motion to Strike and Motion to Dismiss in their entirety.

Dated:  May 4, 2011

    Respectfully submitted,

    THOMAS E. PEREZ
    Assistant Attorney General
    Civil Rights Division

    JONATHAN SMITH
    Chief
    Special Litigation Section

    JULIE K. ABBATE
    Deputy Chief
    Special Litigation Section

12

        <u>s/Aaron Fleisher</u>
        AARON FLEISHER
        Trial Attorney
        Special Litigation Section
        Civil Rights Division
        United States Department of Justice
        950 Pennsylvania Avenue, N.W.
        Washington, D.C. 20530
        Telephone:   (202) 514-6255
        Facsimile:   (202) 514-6903
        aaron.fleisher@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| ERIC H. HOLDER, JR., | : | |
| ATTORNEY GENERAL OF THE | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID HAMILTON, | : | No. 3:10CV-759-C |
| | : | |
| Defendant. | : | |

## ORDER DENYING MOTION TO STRIKE AND MOTION TO DISMISS

Defendant has moved for an Order striking a portion of the claims for relief section of the Complaint and for an Order dismissing the Complaint.

The Court having concluded that oral argument is unnecessary in resolving the pending motions, it is hereby ORDERED that Defendant's Motion to Strike and Motion to Dismiss are DENIED.

BY THE COURT:

_____
Hon. Jennifer B. Coffman
JUDGE, UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| ERIC H. HOLDER, JR., | : | |
| ATTORNEY GENERAL OF THE | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID HAMILTON, | : | No. 3:10CV-759-C |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will provide notice of such filing to all registered parties.

       s/Aaron Fleisher
       AARON FLEISHER
       Trial Attorney
       Special Litigation Section
       Civil Rights Division
       UNITED STATES Department of Justice
       950 Pennsylvania Avenue, N.W.
       Washington, D.C. 20530
       Telephone:   (202) 514-6255
       Facsimile:    (202) 514-6903
       aaron.fleisher@usdoj.gov