**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 10-759-C**

**ERIC H. HOLDER, JR.,**                                                 **PLAINTIFF,**

**V.**                **MEMORANDUM OPINION AND ORDER**

**DAVID HAMILTON,**                                           **DEFENDANT.**

\* \* \* \* \* \* \* \* \*

This matter is before the court on the Attorney General's motion to strike David Hamilton's third-party complaint (R. 30) and on Hamilton's motion to amend his third-party complaint (R. 32). Because Hamilton's third-party complaint asserts a claim entirely separate and independent from that asserted by the Attorney General against Hamilton, and because a finding that Hamilton is liable will not give him a right to indemnification from the third-party defendants, the court will grant the Attorney General's motion and deny Hamilton's motion.

The United States brought this action pursuant to the Freedom of Access to Clinic Entrances ("FACE") Act, 18 U.S.C. § 248, alleging that Hamilton used force against a volunteer clinic escort while protesting at the EMW Women's Surgical Center. Hamilton filed with his answer a third-party complaint against twenty-five John Doe defendants, including the volunteer clinic escort on behalf of whom the Attorney General has brought this action, other unknown counter-protesters, and the entity supporting these counter-protesters and that entity's employees. In his third-party complaint, Hamilton asserts numerous claims against the John Doe

defendants, asserting that their actions constituted, among other things, assault, harassment, and violation of his civil rights. In his motion to amend, Hamilton seeks to add claims for indemnity, asserting that if he did violate the FACE Act, such violation was intentionally induced by the John Doe defendants.

The court will strike Hamilton's third-party complaint because it is an improper attempt to implead individuals and entities not involved in this action, for separate causes of action that have no bearing on Hamilton's liability in this case, merely because they arise out of the same occurrence. Fed. R. Civ. P. 14(a) provides that "[a] defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Here, there is no set of facts that would make liability of the John Doe defendants contingent on whether Hamilton is found to have violated the FACE Act, and impleader is therefore improper. *See American Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008); *see also* 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1446 (3d ed. 2011). Hamilton's allegations that the counter-protesters induced him to commit a violation of the FACE Act are not grounds to find that they would be liable to him for any damages levied against him as a result of the alleged violation because the substantive law at issue, the FACE Act, provides no right to contribution or indemnity. *See Tate v. Frey*, 735 F.2d 986, 989 (6th Cir. 1984). Likewise, Hamilton's tort and civil rights claims against the John Doe defendants are independent causes of action that are legally irrelevant to the suit at hand. Rule 14(a) does not permit Hamilton to

ground a third-party complaint in the John Doe defendants' independent actions, even if they arose out of the same occurrence underlying the Attorney General's claim, in the absence of the John Doe defendants' liability being contingent upon Hamilton's own. *See American Zurich* at 805. Therefore, as Hamilton's third-party complaint is improper under Rule 14(a), the court will strike the pleading upon the Attorney General's motion under Rule 14(a)(4), and Hamilton's motion to amend is therefore moot.

Accordingly,

**IT IS ORDERED** that the Attorney General's motion to strike (R. 30) is **GRANTED**.

**IT IS FURTHER ORDERED** that Hamilton's motion to amend (R. 32) is **DENIED** as moot.

Signed on January 3, 2012

Jennifer B. Coffman, Judge
United States District Court