UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 10-759-C**

**ERIC H. HOLDER, JR.,**                                                                                          **PLAINTIFF,**

**V.**                              **MEMORANDUM OPINION AND ORDER**

**DAVID HAMILTON,**                                                                                        **DEFENDANT.**

\* \* \* \* \* \* \* \* \*

This matter is before the court on the Attorney General's motion for summary judgment (R. 45). The Attorney General alleges that David Hamilton pushed a volunteer escort accompanying a patient into a reproductive health care clinic after the escort had placed herself between Hamilton and the patient, and that this constitutes a violation of the Freedom of Access to Clinic Entrances Act, 18 U.S.C. § 248 ("FACE"). However, because genuine disputes of material fact exist that preclude summary judgment, the court will deny the motion.

The undisputed facts of this case are as follows. The EMW Women's Surgical Center in Louisville, Kentucky, provides reproductive health services, including abortions. Pro-life protesters are often present outside EMW, as are volunteer escorts who employ various methods to interpose themselves between patients of the clinic and pro-life protesters. Hamilton, around January 30, 2010, was one such protester, or "sidewalk counselor;" his purpose outside EMA was to persuade women to consider alternatives to abortion.

1

On January 30, 2010, Hamilton approached a woman he perceived to be a patient walking toward EMW. Jane Fitts and others interposed themselves between Hamilton and the patient, and in his attempt to continue talking to the patient, Hamilton "pushed [Fitts's] arm down slightly." Deposition of David Hamilton, May 21, 2012, R. 45-6 at 45.

In addition to these undisputed facts, the Attorney General presents other evidence, which Hamilton disputes, that indicates Hamilton may have grabbed or shoved Fitts in another incident that same day and that Fitts's arm was bruised at some point during that day. The Attorney General has also submitted a Uniform Citation issued to Hamilton on that day by Louisville Metropolitan Police Officer Brad Aubin that charges him with disorderly conduct and states that Hamilton "made [an] aggressive attempt to stop people from entering the clinic," that he was "pushing and shoving clinic escorts," and that he "caused alarm to other people entering the clinic." R. 45-8.

To hold Hamilton accountable for violating FACE on January 30, 2010, the Attorney General must show that Hamilton: 1) used force, threatened force, or physically obstructed; 2) with the intent to; 3) injure, intimidate, or interfere with someone; 4) because that person was seeking or providing reproductive health services. *See* 18 U.S.C. § 248(a)(1); *Lotierzo v. Woman's World Medical Center, Inc.*, 278 F.3d 1180 (11th Cir. 2002). The statute further defines "interfere with" to mean "to restrict a person's freedom of movement," and "intimidate" to mean "to place a person in reasonable apprehension of bodily harm to him- or herself or

another." 18 U.S.C. § 248(e). There is no genuine dispute as to the first element. Hamilton admits that when Fitts blocked his path, he made contact with her in order to move her arm out of his way. Such contact, however fleeting, is a use of force; the term "force" as employed in FACE "is not limited to violent or assaultive force, and there is no exception for fleeting and *de minimis* contact," *New York ex rel. Spitzer v. Cain*, 418 F.Supp.2d 457, 473 (S.D.N.Y. 2006) (internal citations omitted). However, this admission, along with the other evidence the Attorney General has submitted, is not sufficient to justify summary judgment in favor of the Attorney General.

In order to grant summary judgment to the Attorney General, the court would have to resolve multiple material factual disputes in his favor; however, in a motion for summary judgment, the court makes all reasonable inferences in favor of the non-movant. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Thus, while the Attorney General has established that Hamilton employed force, genuine disputes of material fact exist including, but not limited to, whether such force was used intentionally to injure, intimidate, or interfere with Fitts, and whether Fitts was indeed providing reproductive health services. Courts have refrained from granting summary judgment where such force that was used was inadvertent or accidental, such as where defendants bumped into a patient or escort they had been following when that person stopped suddenly. *See Cain*, 418 F.Supp.2d at 475; *see also New York ex rel. Spitzer v. Kraeger*, 160 F.Supp.2d 360, 372 (N.D.N.Y. 2001) (describing types of offensive contact proscribed by

FACE). "Such conduct may be inappropriate, [but] it is not illegal under FACE if it is not motivated by an intent to restrict freedom of movement or place another in reasonable apprehension of bodily harm." *Cain* at 475.

While the Uniform Citation and Officer Aubin's deposition testimony lend credence to the Attorney General's assertion that Hamilton's use of force against Fitts was intended to place her in reasonable apprehension of bodily harm, such evidence is not dispositive, as neither the Citation nor Aubin's testimony specifically refers to the alleged encounter between Hamilton and Fitts, but are instead general observations of Hamilton's behavior that may or may not be related to that encounter. Furthermore, Fitts's testimony regarding Hamilton's actions on January 30 is similarly equivocal, in that the only contact Fitts actually witnessed was the push Hamilton has admitted. Accordingly, the nature of the force employed by Hamilton against Fitts and whether that force constitutes a violation of FACE are genuine disputes of material fact that preclude summary judgment. *See* Fed. R. Civ. P. 56(a).

Another genuine dispute of material fact that precludes summary judgment is whether Fitts, who the Attorney General claims was acting as a volunteer clinic escort, was actually providing reproductive health services. People who voluntarily escort individuals into such clinics with consent are indeed providing reproductive health services and thus are covered by FACE. *See, e.g., United States v. Scott*, 958 F.Supp. 761, 773 (D.Conn. 1997) (citing S. REP. NO. 103-117, at 26). However, the voluntary nature of this service raises factual questions, including,

4

but not limited to, whether Fitts was actually acting as a volunteer escort to patients of the clinic, or whether she is more accurately characterized as a counter-protester, whose presence merely served to foil that of Hamilton and other pro-life protesters. The court is hesitant to grant protection under FACE to any person who uses the label "volunteer escort" when the factual circumstances of a case might suggest otherwise. Accordingly, whether Fitts was acting as a volunteer escort is a factual issue to be determined by a jury.

Additionally, the Attorney General has moved to strike Hamilton's affidavit in support of his response (R. 53). As the affidavit (R. 52) is untimely, the court will grant the Attorney General's motion.

Multiple genuine disputes of material fact exist in this case that preclude summary judgment. Accordingly,

**IT IS ORDERED** that the Attorney General's motion for summary judgment (R. 45) is **DENIED**.

**IT IS FURTHER ORDERED** that the Attorney General's motion to strike (R. 53) is **GRANTED**.

Signed on September 19, 2012

Jennifer B. Coffman, Judge
United States District Court

5